SONIA MARTIN (State Bar No. 191148)
MENGMENG ZHANG (State Bar No. 280411)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California  94105
Telephone:   (415) 267-4000
Facsimile:   (415) 267-4198
E-mail:      sonia.martin@dentons.com
             mengmeng.zhang@dentons.com

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE COMPANY,
AMCO INSURANCE COMPANY, and
ALLIED INSURANCE COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| KENNETH KAMMULLER and ELIZABETH KAMMULLER,<br><br>             Plaintiffs,<br><br>    vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, ALLIED INSURANCE COMPANY and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No. 21-cv-00900<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendants

Nationwide Mutual Insurance Company, AMCO Insurance Company, and Allied Insurance

Company[1] (collectively, "Defendants") hereby remove to this Court the action described below

and respectfully submit the following statement of grounds for removal:

---

[1] The correct name of defendant "Allied Insurance Company" is Allied Property & Casualty
Insurance Company.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

The Superior Court Action

1.     On November 12, 2020, Plaintiffs Kenneth Kammuller and Elizabeth Kammuller commenced an action in the Superior Court of the State of California in and for the County of Sonoma titled "*Kenneth Kammuller and Elizabeth Kammuller v. Nationwide Mutual Insurance Company, et al.*," Case No. SCV-267370 (the "Superior Court Action").

2.     In the Superior Court Action, Plaintiffs seek damages with respect to the handling of their insurance claim under their homeowners policy for alleged damage to their property at 3935 Millbrook Drive, Santa Rosa, California, caused by wildfires.  (Complaint ("Compl."), ¶¶ 1, 12, 16.)  Plaintiffs allege that Defendants breached the policy "by failing to pay all amounts due for the losses sustained" and "by failing to meet the obligations and requirements of the Insurance Regulations."  (*Id.*, ¶ 16.)  Plaintiffs further allege that Defendants breached the implied covenant of good faith and fair dealing by "acting unreasonably in the handling of plaintiffs' claim" and "unreasonably refusing to pay benefits due under the insurance contract."  (*Id.*, ¶ 20.)  They assert causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.  (*Id.*, ¶¶ 13-23.)

Service

3.     On January 6, 2021, defendants Nationwide Mutual Insurance Company and AMCO Insurance Company were served via CSC with the Summons and Complaint in the Superior Court Action.  Defendant Allied Property & Casualty Insurance Company does not have a record of being served.  However, a Proof of Service was filed in the Superior Court Action reflecting alleged service on Allied Insurance Company on January 7, 2021.

4.     On February 3, 2021, Defendants filed their Answer to the Complaint in the Superior Court Action.

5.     Attached as Exhibit A are true and correct copies of the Summons, Complaint, Notice of Assignment to One Judge for All Purposes, Notice of Withdrawal of Co-Counsel of Record, Proofs of Service of Summons, and Defendants' Answer to Plaintiffs' Complaint, which Defendants believe constitute all pleadings and documents on file in the Superior Court Action.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

<u>Diversity Of Citizenship</u>

6.      Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, residents and citizens of the State of California.  (Exhibit A, Notice of Withdrawal of Co-Counsel of Record, ¶ 2.)

7.      Nationwide Mutual Insurance Company was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the city of Columbus, Ohio.

8.      AMCO Insurance Company was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in the city of Des Moines, Iowa.

9.      Allied Property & Casualty Insurance Company was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in the city of Des Moines, Iowa.

10.     Accordingly, Plaintiffs and Defendants are citizens and residents of different states.

11.     "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

<u>Amount in Controversy</u>

12.     In the Superior Court Action, Plaintiffs seek special, general, and consequential damages, punitive damages, estoppel, attorneys' fees, and costs of suit.  (Compl., 6:4-11.)

13.     Plaintiffs have demanded that they be paid more than $140,000 in additional amounts on their insurance claim.  (*See* Exhibit B.)  *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002).

14.     Plaintiffs also seek attorneys' fees and punitive damages.  (Compl., 6:7-8.)  *See Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (in calculating the amount in controversy, the Court must consider the attorneys' fees and punitive damages plaintiffs may recover if they should prevail in the case).

15.    Although Defendants believe there is no basis to award punitive damages in this case, such requests for relief are considered in determining the amount in controversy.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Surber v. Reliance Nat. Indem. Co.,* 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

16.    Accordingly, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction.

<u>Original Jurisdiction</u>

17.    The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.    The case is therefore one that Defendants may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected within thirty (30) days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Defendants hereby give notice that this action has been removed, in its entirety, from the Sonoma County Superior Court to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted in the District Court.

Respectfully submitted,

Dated:  February 4, 2021          DENTONS US LLP


By _____/s/ SONIA MARTIN_____
          SONIA MARTIN

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE
COMPANY, AMCO INSURANCE COMPANY,
and ALLIED INSURANCE COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

# EXHIBIT A
# to Notice of Removal

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, ALLIED INSURANCE COMPANY, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNETH KAMMULLER and ELIZABETH KAMMULLER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
11/12/2020 2:42 PM
Arlene D. Junior, Clerk of the Court
BY: Alexandria Hankes, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Sonoma County Superior Court <br> 600 Administration Drive, Santa Rosa, CA 95403 | CASE NUMBER: *(Número del Caso):* <br> **SCV-267370** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

E. Gerard Mannion, Mannion Lowe & Oksenendler, 601 Montgomery St., # 1090, San Francisco, CA 94111, Tel: (415) 733-1050

| DATE: <br> *(Fecha)* | 11/12/2020 2:42 PM **ARLENE D. JUNIOR** | Clerk, by <br> *(Secretario)* | *Alexandria Hankes* | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

Alexandria Hankes

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):* Nationwide Mutual insurance Company

   under: [✗] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [✗] by personal delivery on *(date)* 1/6/2021

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SONOMA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
11/12/2020 2:42 PM
Arlene D. Junior, Clerk of the Court
By: Alexandria Hankes, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, ALLIED INSURANCE COMPANY, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNETH KAMMULLER and ELIZABETH KAMMULLER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es)*: Sonoma County Superior Court | CASE NUMBER: *(Número del Caso)*: |
|---|---|
| 600 Administration Drive, Santa Rosa, CA 95403 | SCV-267370 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

E. Gerard Mannion, Mannion Lowe & Oksenendler, 601 Montgomery St., # 1090, San Francisco, CA 94111, Tel: (415) 733-1050

| DATE: *(Fecha)* | 11/12/2020 2:42 PM  ARLENE D. JUNIOR | Clerk, by *(Secretario)* | Alexandria Hankes | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  Amco Insurance Company

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date)*  1/6/2021

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

E. Gerard Mannion (State Bar #77287)
Email: gerry@mannionlowe.com
Kelly M. Mannion (State Bar # 278816)
Email: kelly@mannionlowe.com
MANNION LOWE & OKSENENDLER
601 Montgomery Street, Suite 1090
San Francisco, California 94111
Tel: (415) 733-1050
Fax: (415) 434-4810

Bruce C.F. McArthur
Email: brucecfm@gmail.com
Law Offices of Bruce C.F. McArthur
156 Montecito Crescent
Walnut Creek, CA 94597
Tel: (925) 906-4775
Fax: (925) 906-4776

Attorneys for Plaintiffs
KENNETH KAMMULLER and ELIZABETH KAMMULLER

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
11/12/2020 2:42 PM
Arlene D. Junior, Clerk of the Court
By: Alexandria Hankes, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SONOMA

## UNLIMITED JURISDICTION

KENNETH KAMMULLER and ELIZABETH KAMMULLER,

Plaintiffs,

vs.

NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, ALLIED INSURANCE COMPANY, and DOES 1 through 100, inclusive,

Defendants.

Case No. SCV-267370

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs allege:

<u>GENERAL ALLEGATIONS</u>

1.     Plaintiffs own property located at 3935 Millbrook Drive, Santa Rosa, California 95404. (The Property). The Property refers to buildings, other structures, and personal property.

2.     The Property was insured under a written policy of insurance issued by, through, and/or on behalf of named defendants. While the policy was in full force and effect, the structures

1

1  and other property at The Property were destroyed by fire.

2      3.    Plaintiffs are informed and believe and thereupon allege that at all times relevant

3  herein, defendants Nationwide Mutual Insurance Company, Amco Insurance Company, Allied

4  Insurance Company and Does 1-10, inclusive, (hereinafter the Insurance Defendants), were and are

5  corporations authorized to do business in the State of California.

6      4.    The Insurance Defendants, inclusive, are corporations, businesses, unincorporated

7  associations or other entities engaged in the business of insurance, including but not limited to:

8  issuance of policies; claims administration; establishment of company standards, practices, and

9  procedures affecting the business of insurance; claims handling; managing insurance companies

10  and/or insurance holding companies; controlling a group of companies involved in the insurance

11  business, including some or all of these defendants; and, providing insurance coverage.

12      5.    Each Insurance Defendant was authorized, controlled, and/or directed by the other

13  Insurance Defendants to perform one or more of the insurance related functions of the other

14  Insurance Defendants.

15      6.    Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

16  as Does 1-100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will

17  amend the complaint to allege the true names and capacities of defendants sued herein as Does 1-

18  100, inclusive, when the same are ascertained.  Plaintiffs are informed and believe and thereon allege

19  that the fictitiously named defendants are legally responsible for the matters alleged and set forth

20  herein.  Plaintiffs further allege that defendants' actions and/or inactions legally caused or

21  contributed to plaintiff's injuries and damages as alleged herein.

22      7.    The use of the term "defendants" at any place in this complaint is intended to include

23  all named defendants, and all defendants designated as Does 1-100, inclusive, unless the context of

24  the sentence or particular cause of action indicates otherwise.

25      8.    Each of the defendants was acting as the agent, servant, associate, employee, co-

26  conspirator, or joint venturer of each of the other defendants, at times, and each of the defendants

27  authorized, ratified, approved, directed, consented to, or encouraged all of the acts of each of the

28  other defendants.

2

9. Each corporate defendant was a subsidiary, parent, or alter ego of the other defendants and was sufficiently involved in the management of the other defendants so that it was responsible for the acts of the other defendants and each corporate defendant controlled the other defendants.

10. Plaintiffs are informed and believe and thereon allege that at all time relevant herein, some or all of the Insurance Defendants participated in a re-insurance pooling arrangement or other similar arrangement evidencing the joint venture nature of their interrelationship. These arrangements provide that the assets of each Insurance Defendant be combined so that any awards or judgments against them are made from the collective resources of all participants, including but not limited to, Insurance Defendants and/or their agents in fact and/or subsidiaries. In addition, the entities are marketed and sold on the basis of their joint financial resources.

11. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, there has existed a unity of interest and ownership between the Insurance Defendants such that any individuality and separateness between them has ceased, and further that the Insurance Defendants are the alter egos of each other and have completely dominated and controlled the corporate business and corporate affairs of each other, so that adherence to the fiction of the separate existence of any one of the Insurance Defendants as an entity distinct from any of the other Insurance Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

12. The Property was destroyed in a wildfire. Insurance Defendants paid for some of the losses, but not all.

<u>FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT</u>
<u>AGAINST ALL DEFENDANTS</u>

13. Plaintiffs incorporate by reference all of the General Allegations. Plaintiffs bring this cause of action against all defendants.

14. Prior to the fire, Insurance Defendants executed and delivered to plaintiffs a written policy of insurance, identified above, which provided coverage for The Property. The essential terms and/or legal effect of the policy provided coverage for losses caused by fire, subject to certain terms and/or conditions and/or exclusions not applicable here.

15. All premiums due under the policy were paid. All necessary terms and conditions of

3

1  the policy were complied with.   Alternatively, plaintiffs are/were excused from performance by the
2  tortious conduct of the defendants.

3      16.    Plaintiffs made a claim for damages caused by the wildfires.  Insurance Defendants
4  paid for some of what was owed, but not all.  Insurance Defendants have breached the insurance
5  policy by failing to pay all amounts due for the losses sustained, by failing to meet the obligations
6  and requirements of the Insurance Regulations, by failing to abide by the implied covenant of good
7  faith and fair dealing, and in other respects.

8      17.    Insurance Defendants have waived, and/or are estopped and/or are barred from relying
9  on any inadequate limits and/or any exclusions or terms or conditions in the policies to deny or limit
10 coverage or refuse to pay for code requirements.  They have waived and/or are estopped and/or are
11 barred from relying on the limits, terms, and/or conditions, and/or exclusions because of their actions
12 and/or inactions during the issuance and/or re-issuance of the policies, their violations of law, their
13 failure to properly investigate prior to the wildfires, the acts of the employees and agents of Insurance
14 Defendants, and/or Agent Defendants, and for other reasons.

15     18.    As a direct and proximate consequence of defendants' breaches of contract, plaintiffs
16 suffered damages including, but not limited to, loss of contract benefits, inadequate coverage for the
17 fire losses, loss of interest, and other special, general, and/or consequential damages.

18         WHEREFORE, plaintiffs pray for judgment as set forth below.

19              SECOND CAUSE OF ACTION FOR BREACH OF THE
                IMPLIED COVENANT OF GOOD FAITH AND FAIR
20              DEALING AGAINST INSURANCE DEFENDANTS

21     19.    Plaintiffs incorporate by reference all of the preceding allegations as though fully set
22 forth herein.  Plaintiffs bring this cause of action against Insurance Defendants, including Does 1
23 through 10.

24     20.    Insurance policy contains an implied covenant of good faith and fair dealing.
25 Insurance Defendants have tortiously breached the implied covenant of good faith and fair dealing.
26 The ways in which they breached the implied covenant include, but are not limited to: acting
27 unreasonably in the handling of plaintiffs' claim; unreasonably refusing to pay benefits due under the
28 insurance contract; failing to follow standards imposed by the law, the Insurance Code and/or the

4

Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing

1  Department of Insurance regulations; taking the position that the insurance coverage does not

2  provide coverage for all losses from the fire; placing defendants' interests ahead of the interests of

3  plaintiffs; failing to thoroughly and properly investigate the claims, and/or to do so in a timely

4  manner; misrepresenting plaintiffs' rights under the insurance contract; misrepresenting the terms

5  and effect of provisions of the insurance contract; attempting to mislead plaintiffs in order to prevent

6  the recovery of all benefits due under the insurance policy; withholding benefits due under the

7  insurance contract at a time defendants knew, or should have known that plaintiffs were entitled to

8  those benefits; failing to abide by the promises and/or statements of their agents; failing to rectify the

9  mistakes of their agents, and/or others; and, by misleading and frustrating the reasonable

10  expectations of plaintiff by providing illusory and deceptive coverage. Plaintiffs believe that there

11  may be additional acts or omissions constituting the breach of the implied covenant of good faith and

12  fair dealing and will present the same through discovery or at the trial of this action. In doing these

13  acts, Insurance Defendants acted maliciously, fraudulently, and/or oppressively.

14        21.    Plaintiffs are further informed and believe and thereon allege that Insurance

15  Defendants have decided to use their economic power and might to oppress plaintiffs. Defendants

16  knew that litigation is an expensive process and knew and/or expected that plaintiffs would not have

17  the wherewithal, ability, and/or strength to bring suit and force defendants to pay the money which

18  plaintiffs are owed. Defendants stonewalled and/or misrepresented the claim in the hope and/or

19  expectation that plaintiffs would be unable and/or unwilling to file suit. By stonewalling, defendants

20  would be able to retain the money which they knew was owed to plaintiffs and use it for their own

21  benefit, including earning interest on it and for other selfish purposes. Defendants further expected

22  that if plaintiffs filed suit, they would use their economic might and power to try to crush plaintiffs.

23  Defendants misrepresented the coverage and benefits available to plaintiffs as well. In doing these

24  acts, defendants acted maliciously, oppressively and fraudulently towards plaintiffs.

25        22.    As a direct and proximate result of the acts of defendants, plaintiffs suffered damages,

26  including but not limited to, the loss of contract benefits, having insufficient sums to rebuild, loss of

27  interest, further damage, emotional distress, loss of time, attorneys' fees and costs, and other general,

28  special, and consequential damages in a sum to be proven at the trial of this action.

5

23.    In doing the acts set forth above, defendants acted maliciously, oppressively, fraudulently, and in knowing and conscious disregard of plaintiffs' rights, thereby justifying an award of punitive damages in a sum to be determined by judge or jury.

WHEREFORE, plaintiffs pray for judgment as follows.

1.    Special damages according to proof;

2.    General and consequential damages according to proof;

3.    Attorneys' fees and litigation expenses according to proof;

4.    Punitive damages in a sum to be determined by judge or jury;

5.    Interest on all damages including interest under Civil Code §§3287 and 3288;

6.    Estoppel, as alleged above;

7.    Costs of suit herein incurred;

8.    Such other and further relief as the Court may deem proper.

Dated: October 22, 2020           LAW OFFICES OF BRUCE C.F. MCARTHUR

MANNION LOWE & OKSENENDLER
A Professional Corporation

By: _____
E. Gerard Mannion
Attorneys for Plaintiffs
KENNETH KAMMULLER and
ELIZABETH KAMMULLER

DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury.

Dated: October 22, 2020           LAW OFFICES OF BRUCE C.F. MCARTHUR

MANNION LOWE & OKSENENDLER
A Professional Corporation

By: _____
E. Gerard Mannion
Attorneys for Plaintiffs
KENNETH KAMMULLER and
ELIZABETH KAMMULLER

6

Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov<br><br>Kammuller vs Nationwide Mutual Insurance Company | (FOR COURT USE ONLY)<br><br>**FILED**<br><br>NOV 1 2 2020<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA<br>By<br>Deputy Clerk |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-267370 |

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

## 1. THIS ACTION IS ASSIGNED TO HON. Patrick Broderick FOR ALL PURPOSES.

Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: 03/16/2021 | Time: 3:00 PM | Courtroom 16 |
| Location: Empire College Court Annex<br>3035 Cleveland Avenue<br>Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:

If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS

### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

Pursuant to Local Rule 5.1.C:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

**POS-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>E. Gerard Mannion, 77287<br>Mannion & Lowe<br>655 Montgomery Street, Suite 1900<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415)733-1050<br>ATTORNEY FOR *(Name):* **Plaintiff** | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**1/11/2021 2:59 PM**<br>Arlene D. Junior, Clerk of the Court<br>By: Angela Rubiano, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Sonoma County
600 Administration Dr.
Santa Rosa, CA 95403-2818

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kenneth Kammuller, et al. | CASE NUMBER:<br>SCV-267370 |
| DEFENDANT/RESPONDENT: Nationwide Mutual Insurance Company, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>K081/11081 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.  **BY FAX**
2. I served copies of:

COMPLAINT; Summons on Complaint; Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause; Alternative Dispute Resolution (ADR) Information Package

3. a. Party served:  Allied Insurance Company

   b. Person Served: CT Corp - Daisy Montenegro  - Person Authorized to Accept Service of Process

4. Address where the party was served:  818 West Seventh Street, Suite 930
                                   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 01/07/2021     (2) at (time): 1:20PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   Allied Insurance Company
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Mario Lopez
   b. Address:   One Legal - P-000618-Sonoma
             1400 North McDowell Blvd, Ste 300
             Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.:
         (iii) County:

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  01/07/2021

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

OL# 15703645

1  E. Gerard Mannion (State Bar #77287)
Email: gerry@mannionlowe.com
2  Kelly M. Mannion (State Bar # 278816)
Email: kelly@mannionlowe.com
3  MANNION LOWE & OKSENENDLER
601 Montgomery Street, Suite 1090
4  San Francisco, California 94111
Tel: (415) 733-1050
5  Fax: (415) 434-4810

6  Bruce C.F. McArthur
Email: brucecfm@gmail.com
7  Law Offices of Bruce C.F. McArthur
156 Montecito Crescent
8  Walnut Creek, CA 94597
Tel: (925) 906-4775
9  Fax: (925) 906-4776

10  Attorneys for Plaintiffs
KENNETH KAMMULLER and ELIZABETH KAMMULLER

11

12          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13             **IN AND FOR THE COUNTY OF SONOMA**

14                  **UNLIMITED JURISDICTION**

| | |
|---|---|
| 15  KENNETH KAMMULLER and ELIZABETH KAMMULLER, | ) Case No. SCV-267370 |
| 16 | ) **NOTICE OF WITHDRAWAL OF CO-** |
| 17      Plaintiffs, | ) **COUNSEL OF RECORD** |
| 18  vs. | ) |
| 19  NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE | ) |
| 20  COMPANY, ALLIED INSURANCE COMPANY, and DOES 1 through 100, inclusive, | ) |
| 21 | ) |
| 22      Defendants. | ) |

23      1.    I withdraw as co-counsel of record for Plaintiffs KENNETH KAMMULLER and

24  ELIZABETH KAMMULLER. The firm of Mannion Lowe & Oksenendler continue to represent

25  Plaintiffs KENNETH KAMMULLER and ELIZABETH KAMMULLER.

26      2.    The last known address for Plaintiffs KENNETH KAMMULLER and ELIZABETH

27  KAMMULLER is: 2858 Danville Blvd., Alamo, CA 94507.

28      3.    The last known telephone number for Plaintiffs KENNETH KAMMULLER and

1

1   ELIZABETH KAMMULLER are: 650) 773-1204 (Kenneth Kammuller's cell); (650) 773-1205

2   (Elizabeth Kammuller's cell); and (925) 933-4301 (landline).

3           4.      I mailed a copy of this Notice of Withdrawal of Co-Counsel to Plaintiffs KENNETH

4   KAMMULLER and ELIZABETH KAMMULLER at the address set forth in item 2.

5           I declare under penalty of perjury under the laws of the State of California that the foregoing

6   is true and correct.

7

8   Dated: _____Jan. 12_____, 2021               LAW OFFICES OF BRUCE C.F. MCARTHUR

9

10                                              By: _____

11                                                  Bruce C.F. McArthur
                                                    Attorneys for Plaintiffs
12                                                  KENNETH KAMMULLER and
                                                    ELIZABETH KAMMULLER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                2

1  E. Gerard Mannion (State Bar #77287)
   Email: gerry@mannionlowe.com
2  Kelly M. Mannion (State Bar # 278816)
   Email: kelly@mannionlowe.com
3  MANNION LOWE & OKSENENDLER
   601 Montgomery Street, Suite 1090
4  San Francisco, California 94111
   Tel: (415) 733-1050
5  Fax: (415) 434-4810

6  Attorneys for Plaintiffs
   KENNETH KAMMULLER and ELIZABETH KAMMULLER
7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SONOMA**

10                    **UNLIMITED JURISDICTION**

11  KENNETH KAMMULLER and ELIZABETH    )   Case No. SCV-267370
    KAMMULLER,                        )
12                                    )   **PROOF OF SERVICE**
              Plaintiffs,             )
13                                    )
    vs.                               )
14                                    )
    NATIONWIDE MUTUAL INSURANCE       )
15  COMPANY, AMCO INSURANCE           )
    COMPANY, ALLIED INSURANCE         )
16  COMPANY, and DOES 1 through 100,  )
    inclusive,                        )
17                                    )
              Defendants.             )
18  _____  )

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

Proof of Service

*Kenneth Kammuller, et al. v. Nationwide Mutual Insurance Company, et al.*
Sonoma Superior Court Case No. SCV-267370

## **PROOF OF SERVICE**

I, the undersigned, declare:

That I am a citizen of the United States; I am employed by or for the law firm of MANNION

LOWE & OKSENENDLER, a Professional Corporation, in San Francisco, California; I am over the

age of 18 years and not a party to the within entitled action; my business address is 601 Montgomery

Street, Suite 1090, San Francisco, California 94111; that on January 12, 2021, I served a true

copy(ies) of the original(s) of the attached:

**NOTICE OF WITHDRAWAL OF CO-COUNSEL OF RECORD**

on the parties below:

| | |
|---|---|
| Kenneth Kammuller<br>Elizabeth Kammuller<br>2858 Danville Blvd.<br>Alamo, CA 94507 | Plaintiffs |
| Bruce C.F. McArthur<br>Law Offices of Bruce C.F. McArthur<br>156 Montecito Crescent<br>Walnut Creek, CA 94597<br>Tel: (925) 906-4775<br>Fax: (925) 906-4776 | Co-Counsel for Plaintiffs<br>KENNETH KAMMULLER and<br>ELIZABETH KAMMULLER |
| Daisy Montenegro<br>CT Corp.<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | Person Authorized to Accept Service of Process<br>for Defendant<br>ALLIED INSURANCE COMPANY |
| Melissa DeKoven<br>CSC<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | Person Authorized to Accept Service of Process<br>for Defendants<br>NATIONWIDE MUTUAL INSURANCE<br>COMPANY and<br>AMCO INSURANCE COMPANY |

Proof of Service

*Kenneth Kammuller, et al. v. Nationwide Mutual Insurance Company, et al.*
Sonoma Superior Court Case No. SCV-267370

[X]     (BY U.S. MAIL): I deposited the sealed envelope with the United States Postal Service with the postage fully prepaid. I am readily familiar with Mannion & Lowe's practice of collection and processing correspondence for mailing.

[ ]     (BY OVERNIGHT DELIVERY): I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by FEDERAL EXPRESS or other comparable overnight deliver service with delivery fees provided for, addressed to the person(s) listed above.

[ ]     (BY ELECTRONIC MAIL): the above-referenced documents were transmitted by e-mail to the above counsel's e-mail address(es) and/or via electronic means using a court-approved vendor.

[ ]     (BY PERSONAL SERVICE): I caused such an envelope to be delivered by hand to the offices of the addressee(s) designated above.

[ ]     (BY FACSIMILE) On this date, I transmitted the above-referenced document(s) to the interested parties at the fax number(s) indicated above and the transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2021, at San Francisco, California.

Brian Gallagher

Proof of Service

| Attorney or Party without Attorney:<br>E. GERARD MANNION ESQ., Bar #77287<br>MANNION & LOWE<br>655 MONTGOMERY STREET<br>SUITE 1900<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-733-1050     FAX No: 415-434-4810 | | | | For Court Use Only<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**1/20/2021 3:30 PM** |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | Ref. No. or File No.: | | | Arlene D. Junior, Clerk of the Court<br>By: Branden Rasmussen, Deputy Clerk |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SONOMA COUNTY SUPERIOR COURT | | | | |
| *Plaintiff:* KENNETH KAMMULLER | | | | |
| *Defendant:* NATIONWIDE MUTUAL INSURANCE COMPANY | | | | |
| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>SCV-267370 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES, NOTICE OF CASE MANAGEMENT CONFERENCE, AND ORDER TO SHOW CAUSE; ADR INFORMATION SHEET; BLANK STIPULATION AND ORDER REFERRING MATTER TO ADR; BLANK NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION; BLANK ATTORNEY QUESTIONNAIRE; BLANK PARTY QUESTIONNAIRE; BLANK NON-PARTY PARTICIPANT QUESTIONNAIRE; BLANK STATEMENT OF AGREEMENT OR NONAGREEMENT; BLANK ATTENDANCE SHEET FOR COURT PROGRAM MEDIATION OF CIVIL CASE

*3. a. Party served:*                         NATIONWIDE MUTUAL INSURANCE COMPANY
   *b. Person served:*                   NICOLE STAUSS, AUTHORIZED TO ACCEPT SERVICE.

*4. Address where the party was served:*    CSC, LAWYERS INCORPORATING SERVICE
                                        2710 GATEWAY OAKS DRIVE
                                        SUITE 150 N
                                        SACRAMENTO, CA 95833

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Jan. 06, 2021 (2) at: 11:46AM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:*  NATIONWIDE MUTUAL INSURANCE COMPANY
   Under CCP 416.10 (corporation)
7. *Person Who Served Papers:*                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. MICHAEL LYNN HENRY             d.  *The Fee for Service was:*   $20.00

   **2300 P Street**              e.  I am: (3)  registered California process server
   **Sacramento, CA 95816**                 *(i)*   Independent Contractor
   **(916) 498-0808**                  *(ii)*  *Registration No.:*   2019-24
   **FAX (916) 498-0817**             *(iii)* *County:*       Sacramento

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Wed, Jan. 06, 2021*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | (MICHAEL LYNN HENRY) | egm.395412 |
|---|---|---|---|

| Attorney or Party without Attorney:<br>E. GERARD MANNION ESQ., Bar #77287<br>MANNION & LOWE<br>655 MONTGOMERY STREET<br>SUITE 1900<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-733-1050    FAX No: 415-434-4810 | For Court Use Only<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**1/20/2021 3:27 PM** |
|---|---|

*Attorney for:* Plaintiff

Arlene D. Junior, Clerk of the Court
By: Branden Rasmussen, Deputy Clerk

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
SONOMA COUNTY SUPERIOR COURT

*Plaintiff:* KENNETH KAMMULLER

*Defendant:* NATIONWIDE MUTUAL INSURANCE COMPANY

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>SCV-267370 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES, NOTICE OF CASE MANAGEMENT CONFERENCE, AND ORDER TO SHOW CAUSE; ADR INFORMATION SHEET; BLANK STIPULATION AND ORDER REFERRING MATTER TO ADR; BLANK NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION; BLANK ATTORNEY QUESTIONNAIRE; BLANK PARTY QUESTIONNAIRE; BLANK NON-PARTY PARTICIPANT QUESTIONNAIRE; BLANK STATEMENT OF AGREEMENT OR NONAGREEMENT; BLANK ATTENDANCE SHEET FOR COURT PROGRAM MEDIATION OF CIVIL CASE

3. a. *Party served:*  AMCO INSURANCE COMPANY
   b. *Person served:*  NICOLE STAUSS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*  CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Jan. 06, 2021 (2) at: 11:46AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:*  AMCO INSURANCE COMPANY
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. MICHAEL LYNN HENRY

Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. *The Fee for Service was:*  $30.00



**2300 P Street**
**Sacramento, CA 95816**
**(916) 498-0808**
**FAX (916) 498-0817**

e. I am: (3) registered California process server
   (i)   Independent Contractor
   (ii)  *Registration No.:*  2019-24
   (iii) *County:*  Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:  Wed, Jan. 06, 2021*

   (MICHAEL LYNN HENRY)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS & COMPLAINT**

egm.395413

SONIA MARTIN (State Bar No. 191148)
MENGMENG ZHANG (State Bar No. 280411)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California  94105
Telephone:    (415) 267-4000
Facsimile:    (415) 267-4198
E-mail:    sonia.martin@dentons.com
              mengmeng.zhang@dentons.com

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**2/3/2021 9:40 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Griselda Zavala, Deputy Clerk**

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE COMPANY,
AMCO INSURANCE COMPANY, and
ALLIED INSURANCE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SONOMA

| | |
|---|---|
| KENNETH KAMMULLER and ELIZABETH KAMMULLER, | Case No. SCV-267370 |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, ALLIED INSURANCE COMPANY and DOES 1 through 100, | Complaint Filed:  November 12, 2020 |
| Defendants. | |

Defendants Nationwide Mutual Insurance Company, AMCO Insurance Company, and Allied Insurance Company[1] (collectively, "AMCO") hereby answer the unverified Complaint of plaintiffs Kenneth and Elizabeth Kammuller as follows:

## **GENERAL DENIAL**

AMCO generally denies each and every material allegation in the Complaint pursuant to Code of Civil Procedure 431.30(d).  AMCO further denies that plaintiffs sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on AMCO's part.

---

[1] The correct name of defendant "Allied Insurance Company" is Allied Property & Casualty Insurance Company.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

AMCO files this answer without prejudice to its right to file a further amended answer or other response, including cross-complaints, after conducting discovery.

### AFFIRMATIVE DEFENSES

(Applicable to All Causes of Action)

### First Defense

### (Failure to State Cause of Action)

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against AMCO.

### Second Defense

### (Waiver)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of estoppel.

### Fourth Defense

### (Unclean Hands)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of unclean hands.

### Fifth Defense

### (Laches)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part by the doctrine of laches.

### Sixth Defense

### (Genuine Issues Regarding Duties)

Plaintiffs should take nothing pursuant to the Complaint because plaintiffs' claim raised

DEFENDANTS' ANSWER TO COMPLAINT

genuine issues as to the insurer's duties, if any, and the insurer's belief in the validity of these issues was reasonable.

### Seventh Defense

#### (Mitigation of Damages)

The Complaint is barred, in whole or in part, to the extent plaintiffs have failed to mitigate, minimize, or avoid any damages allegedly suffered, the fact and extent of which are expressly denied.

### Eighth Defense

#### (No Punitive or Exemplary Damages)

The Complaint fails to state facts sufficient to entitle plaintiffs to punitive or exemplary damages.

### Ninth Defense

#### (Unconstitutionality of Punitive Damages)

Any claim by plaintiffs for punitive and exemplary damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, an undue burden on interstate commerce, a violation of the contract clause, and violative of the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### Tenth Defense

#### (Fault of Others)

Plaintiffs' damages, the fact and extent of which AMCO denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than AMCO, for which AMCO is not responsible. Such intentional conduct, negligence, or fault bars recovery against AMCO or comparatively reduces AMCO's percentage of fault or negligence, if any.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1

**Eleventh Defense**

2

**(Consent and/or Authorization of Plaintiffs)**

3

Plaintiffs consented to and/or authorized all conduct and/or omissions of AMCO alleged in

4

the Complaint.

5

**Twelfth Defense**

6

**(Active Fault of Plaintiffs)**

7

The Complaint, and each purported cause of action in the Complaint, is barred in whole or

8

in part by plaintiffs' active fault.

9

**Thirteenth Defense**

10

**(Comparative Fault)**

11

The Complaint, and each purported cause of action in the Complaint, is barred in whole or

12

in part and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages resulted from

13

plaintiffs' comparative fault.

14

**Fourteenth Defense**

15

**(No Duty)**

16

The Complaint, and each purported cause of action in the Complaint, is barred to the

17

extend AMCO did not owe the duties alleged.

18

**Fifteenth Defense**

19

**(No Causation)**

20

Plaintiffs are not entitled to recovery from AMCO because plaintiffs sustained no injury,

21

damage, or loss by reason of any conduct, action, error, or omission on the part of AMCO.

22

**Sixteenth Defense**

23

**(Lawful, Privileged, and Justified)**

24

The Complaint is barred in whole or in part to the extent it is based on conduct that was

25

lawful, privileged, and/or justified.

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

**Seventeenth Defense**

**(Intervening Cause)**

Plaintiffs' damages, the fact and extent of which AMCO denies, were proximately caused by intervening, superseding, and/or supervening acts for which AMCO had no liability.

**Eighteenth Defense**

**(Obligations Limited to Policy Terms)**

AMCO's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the applicable policy and endorsements (the "Policy").

**Nineteenth Defense**

**(Policy Limits)**

The Policy provides coverage, if at all, only to the extent of the limits, special limits and sub-limits of liability, and subject to the deductible amounts, that are listed on the declaration pages or otherwise contained in the Policy form and endorsements.

**Twentieth Defense**

**(Plaintiffs' Failure to Comply With Policy Terms)**

The Complaint, and each and every purported cause of action in the Complaint, is barred to the extent plaintiffs have failed to perform all of their obligations under the Policy, or satisfy the terms and/or conditions of the Policy, including their duty to cooperate in the processing of claims, to allow access to the property, to timely report claims, to substantiate their alleged losses, and to provide statements and documentation confirming the existence and extent of their losses.  To the extent plaintiffs did not comply fully with the Policy's terms, they cannot recover on the Complaint.

**Twenty-First Defense**

**(AMCO's Compliance With Policy Terms)**

AMCO fully performed all obligations owed to plaintiffs under the Policy.

DEFENDANTS' ANSWER TO COMPLAINT

**Twenty-Second Defense**

**(Good Faith of AMCO)**

With regard to the events at issue in the Complaint, AMCO at all times acted in good faith, reasonably, and without any actual or constructive knowledge of any alleged breach of any contractual or other duty allegedly owed to plaintiffs, or any other wrong done to plaintiffs.

**Twenty-Third Defense**

**(Speculative Nature of Damages)**

Plaintiffs are not entitled to recover a monetary judgment because plaintiffs' alleged damages claims are speculative.

**Twenty-Fourth Defense**

**(No Entitlement to Attorneys' Fees)**

Plaintiffs are precluded from recovering attorneys' fees and costs from AMCO under applicable provisions of the law.

**Twenty-Fifth Defense**

**(Appraisal)**

The Policy provides that, if the parties cannot agree on the amount of loss, either party may seek an appraisal to resolve such a dispute. AMCO reserves its right to demand appraisal of any dispute over the amount of such a loss.

**Twenty-Sixth Defense**

**(No Coverage for Claimed Losses)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

**Twenty-Seventh Defense**

**("Building Ordinance or Law Coverage")**

The Complaint, and each purported cause of action in the Complaint, is barred in whole or

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

in part because the Policy only covers law and ordinance and law costs within the limits of the Policy.  Under the "Building Ordinance or Law Coverage" (Endorsement Number HO277), the Policy states:

> For an additional premium, loss for damage by a Peril Insured Against to the dwelling under Coverage A shall be settled on the basis of any ordinance or law regulating the construction, repair or demolition of the dwelling.
>
> All other provisions of this policy apply.

## Twenty-Eighth Defense

### (Payment of Policy Limit)

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part because the applicable policy limit has been paid.  Under the "Conditions" section of "Dwelling Property 3 - Special Form," the Policy provides:

> **2.    Insurable Interest and Limit of Liability.**  Even if more than one person has an insurable interest in the property covered, we shall not be liable:
>
> a.    for an amount greater than the interest of a person insured under this policy; or
> b.    for more than the limit of liability that applies.
>
> * * *
>
> **5.    Loss Settlement.** Covered property losses are settled as follows:
>
> a.    Personal property and structures that are not buildings at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace;
> b.    Carpeting, domestic appliances, awnings, outdoor antennas and outdoor equipment, whether or not attached to buildings, at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace;
> c.    Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DEFENDANTS' ANSWER TO COMPLAINT

1)    If at the time of loss the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately prior to the loss, we will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts;

    a)    the limit of liability under this policy applying to the building;

    b)    the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

    c)    the amount actually and necessarily spent to repair or replace the damaged building.

### Twenty-Ninth Defense

### (Losses Already Paid)

The Complaint, and each purported cause of action in the Complaint, is barred because it seeks payment, reimbursement, contribution, or indemnification for, or is based on, losses that were already paid under the Policy.

### Thirtieth Defense

### ("Duties After A Loss")

The Complaint, and each purported cause of action in the Complaint, is barred in whole or in part to the extent plaintiffs failed to perform their "Duties After A Loss," provided under the Policy as follows:

In case of a loss to covered property, these duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

1.    Give prompt notice to us or our agent;

    * * *

4.    Protect the property from further damage. If repairs to the property are required, you under must:

    a.    Make reasonable and necessary repairs to protect the property; and

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DEFENDANTS' ANSWER TO COMPLAINT

       b.      Keep an accurate record of repair expenses;

    5.      Cooperate with us in the investigation of a claim;

\* \* \*

    7.      As often as we reasonable require:

       a.      Show the damaged property;

       b.      Provide us with records and documents we request and permit us to make copies; and

       c.      Submit to examination under oath, while not in the presence of any other "insured", and sign the same;

\* \* \*

### Thirty-First Defense

### (Standing/No Private Rights of Action)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it is based on statutes and regulations for which there is no private right of action and as to which plaintiffs lack standing.

### Thirty-Second Defense

### (Defendants Not Party To Policy)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent plaintiffs cannot assert claims against Nationwide Mutual Insurance Company and Allied Property & Casualty Insurance Company because they are not parties to the Policy.

### Thirty-Third Defense

### (Right to Assert Additional Defenses)

AMCO reserves its right to amend its answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, AMCO prays for judgment as follows:

1.    That plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

2.   That judgment be entered in AMCO's favor;

3.   That AMCO be awarded costs and attorneys' fees incurred in this action; and

4.   For such other and further relief as this Court deems just and proper.

Dated:  February 3, 2021                    DENTONS US LLP

By_____
           SONIA MARTIN

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE
COMPANY, AMCO INSURANCE COMPANY,
and ALLIED INSURANCE COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DEFENDANTS' ANSWER TO COMPLAINT

*Kenneth Kammuller, et al. v. Nationwide Mutual Ins. Co., et al.,*
Sonoma County Superior Court, Case No. SCV-267370

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the City and County of

San Francisco, California.  I am over the age of 18 years and not a party to the within-entitled

action.  My business address is Dentons US LLP, One Market Plaza, Spear Tower, 24th Floor,

San Francisco, CA  94105.  On February 3, 2021, I caused to be served a true and correct copy

of the following document:

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

☒  **BY EMAIL -** by transmitting the document listed above via email or electronic
transmission from gloria.courtney@dentons.com, through the electronic mail network of
Dentons US LLP, to the persons at the email addresses set forth below.

☒  **BY U.S. MAIL** - by causing the document listed above to be served via EPIQ Corporation,
in an envelope with postage thereon fully prepaid, with the United States mail at
San Francisco, California, addressed as set forth below.

E. Gerard Mannion                          Attorneys for Plaintiffs
Kelly M. Mannion                           KENNETH KAMMULLER and
MANNION LOWE & OKSENENDLER                 ELIZABETH KAMMULLER
601 Montgomery St., Ste. 1090
San Francisco, CA  94111
Tel:    (415) 733-1050
Fax:    (415) 434-4810
Email:  gerry@mannionlowe.com
        kelly@mannionlowe.com

I declare under penalty of perjury under the laws of the State of California that the above

is true and correct.  Executed on February 3, 2021, at Antioch, California.

*Gloria Courtney*

Gloria Courtney

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

# EXHIBIT B
# to Notice of Removal

Subject: [EXTERNAL] Claim 097532-GG; Kammuller
Date: 5/29/2020 8:19:27 PM
From: Bruce McArthur
To: Behanish, Rachel , joshua.nagy@nationwide.com
CC To: brucecfin@gmail.com , delkamar@gmail.com


Attachments:
Attachment #1: KAMMULER_CODE_SUP_AN_ROUGH_DRAFT_CAR.PDF
Attachment #2: Dowd Estimate.pdf
Attachment #3: KammullerPolicyMaterials.pdf **Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender.

Dear Rachel (and Joshua):

We have not communicated for some time about this claim.  That is because all aspects of the claim were concluded long ago, except with respect to Building Code Upgrades.  As you may be aware, it has taken considerable time for the Kammullers to repair their destroyed home in Santa Rosa.  They, along with about 40 other Santa Rosa homeowners hired a large developer to rebuild their property.  The repairs are still not fully completed, but they are nearly there.  (According to my clients, the repairs are probably about 95% complete.  What remains to be finished has been delayed due to Covid 19 restrictions.)  I have added Joshua Nagy to this email because I recently received a Nationwide notice from him, pertaining to debris removal issues.  I'm not sure if he has taken over the handling of this claim, or whether you (Rachel) are still the assigned adjuster.  Therefore, I have addressed this email to both of you.  If there is someone else I should be writing to, please let me know.

Now that the repairs are almost complete, and Code Upgrade expenses have actually been incurred by the Kammullers, the time has come to submit a Code Upgrade Supplement and a demand for payment of Code Upgrade expenses.

Attached, in both PDF and ESX formats, is a Code Upgrade Supplement for the Kammuller property.  It was prepared by Accurate Estimates, Inc.  The owner of the company is Thomas Koester, who is consulting with me regarding this claim.  He is familiar with the Kammuller property, is well versed in Xctimate, is a California licensed general contractor, and a professional cost estimator.  He also does forensic work in the construction field, and also acts as an appraiser on disputed property losses.

The attached Supplement has been annotated to include explanatory comments for almost all line items.  References in these comments to "NW" are to Nationwide.  References to NW followed by a number (e.g., NW #91) are to line items so numbered in the Nationwide repair estimate that was prepared by Michael Dowd, and which was used by Nationwide to pay for the [non-Code] dwelling repairs for the Kammuller property.  The amount of the Dowd estimate (referred to sometimes in the comments in the attached Supplement as the "Nationwide estimate" or "Nationwide Repair estimate") is **$502,555.48** (RCV) and **$494,305.00** (ACV), for the dwelling alone.  (The estimate also includes a sum for Other Structures, though that amount and those line items, are irrelevant to the attached Supplement.)  We have used the Dowd estimate and the specific line items in it, to credit back non-Code items affiliated with the Code upgrade line items in the attached Supplement.  For your convenience, a copy of the Dowd estimate is attached.

The total amount of the Code Upgrade Expenses--see the Supplement--is **$142,856.98**.  We are asking Nationwide to pay that amount to the Kammullers.

The DOL for this loss is 10/9/2017.  The Kammullers Nationwide policy applicable to this loss is the one that was in effect for the period 12/24/2016 to 12/24/2017.  I was provided with a copy of that policy.

The Declarations for the Kammuller policy (2 pages) are attached.  According to the Policy Declarations, the policy includes various forms, including the main policy booklet, which is a Form DP3 (09/83), a Form 11796 (08-11), entitled "Notice to Consumers – California Residential Property Insurance Disclosure," and a Form HO277 (01/79), entitled "Ordinance or Law Coverage."  (There are various other forms, but none that I can see are relevant to Code Upgrade issues or coverage.)

Nowhere in the Policy Declarations, however, is there any indication that the Ordinance or Law Coverage provided is limited dollarwise to a percentage of the Dwelling Limit [Coverage A], such as 10%, nor is there any indication that the Ordinance or Law Coverage is part of, or falls within, the Dwelling Coverage, [Coverage A].  In fact, other than listing the Form HO277 (01/79) [Ordinance or Law Coverage], the Declarations make no further mention of Ordinance or Law Coverage, or any limits thereon.

The Form 11796 (a copy is attached for your convenience) contains a checklist of various forms of residential dwelling coverage that might be provided.  5 different coverages are listed.  They are:  **ACTUAL CASH VALUE COVERAGE, REPLACEMENT COST COVERAGE, EXTENDED REPLACEMENT COVERAGE, GUARANTEED REPLACEMENT COST COVERAGE** and **BUILDING  CODE UPGRADE COVERAGE.**  An "X" preceding two of these coverages indicates that the Kammullers were provided, by Nationwide, with (1) **EXTENDED REPLACEMENT COVERAGE** and (2) **BUILDING CODE UPGRADE COVERAGE.**

As it relates to Building Code Upgrade Coverage, Form 11796 states:

> **BUILDING CODE UPGRADE COVERAGE**, also called Ordinance and Law coverage, is an important option that covers additional costs to repair or replace a dwelling to comply with the building codes and zoning laws in effect at the time of loss or rebuilding.  These costs may otherwise be excluded by your policy.  Meeting current building code requirements can add significant costs to rebuilding your home.  Refer to your policy or endorsement for the specific coverage provided and coverage limits that apply.  [Underlining added for emphasis.]

Other than the foregoing, Form 11796 does not otherwise describe, explain or limit the Kammullers' Building Code Upgrade Coverage.  Instead it refers them to their policy or endorsement [presumably their Building Ordinance and Law Coverage endorsement] for the "specific coverage"

and "coverage limits."

The Form DP3 (09/83) [main policy booklet], in its "**GENERAL EXCLUSIONS** contains, among others, an exclusion for "Ordinance or Law." It states, at p. 5 of the policy booklet:

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
a. **Ordinance or law,** meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of property <u>unless specifically provided under this policy</u>. . . [Underlining added for emphasis.]

Of course, the underlined language above is important, because Ordinance or Law coverage <u>is</u> specifically provided under this policy, in the Building Ordinance or Law Coverage Endorsement, Form HO277 (01/79). That endorsement states:

For an additional premium, loss for damage by a Peril Insured Against to the dwelling under Coverage A shall be settled on the basis of any ordinance or law regulating the construction, repair or demolition of the dwelling.
All other provisions of this policy apply.

The quoted material above is the full text of the Kammullers Building Ordinance or Law Coverage endorsement. There is no other form or endorsement that we are aware of, which describes the coverage or which specifies any applicable limitations or conditions on that coverage. This language must therefore be viewed as a commitment by Nationwide to pay Code Upgrade benefits for any covered Dwelling loss. Page 2 of the Kammullers' Declarations for this policy show that they were charged an extra premium of $78 to obtain Ordinance or Law Coverage.

There is no question that the Kammullers' fire loss is a covered Dwelling loss. There is no indication, however, in Form HO277 (01/79), of a percentage limit or any other kind of dollar limit on that coverage. For instance, In HO policies Code Upgrade coverage is often subject to a percentage limit, frequently 10% of the Coverage A limit. This kind of limit is generally stated in the Declarations or in the Ordinance or Law coverage provision in the policy, or both. However, there is no percentage limit stated, or any other kind of dollar limit, for the Kammullers' Ordinance or Law Coverage, either in Form HO277 (01/79), <u>or</u> in the Policy Declarations, <u>or</u> anywhere else in the Kammuller policy that we have been able to find. There is also nothing in Form HO277 (01/79) (or anywhere else we are aware of), stating, for example, that the coverage provided by that endorsement for Code Upgrades, is included within, and limited by, the policy's Dwelling [Coverage A] limit.

As the drafter of this policy, Nationwide easily <u>could have</u>, and clearly <u>should have</u>, stated in the policy in plain, unambiguous policy language, that the Ordinance or Law Coverage was included within the Coverage A limit, if it were Nationwide's intent to enforce such a limitation. However, Nationwide did not so limit the Kammullers' Ordinance or Law coverage. This contrasts with the limitations imposed by Nationwide <u>in the Kammuller policy</u> on debris removal coverage.

HO policies routinely contain debris removal coverage. This one is no exception. In the Kammuller policy, the debris removal coverage is described/explained in the main policy booklet, Form DP3 (09-83), at p. 2 of 10, under the heading "**OTHER COVERAGES,**" as follows:

2. Debris Removal- We will pay the reasonable expense incurred by you for the removal of debris from a property loss covered by this policy. <u>Debris removal expense is included in the limit of liability applying to the damaged property</u>. [Underlining added for emphasis.]

It is not uncommon in HO policies, for this kind of coverage to have a <u>percentage</u> limit. Debris removal coverage is sometimes, for example, limited dollarwise to 5% of the Coverage A [Dwelling] limit. In the Kammuller policy, there is no such percentage limit. However, the language that is underlined in the above quote clearly indicates that <u>the cost of removing Dwelling debris is included in the Dwelling coverage</u>.

This example illustrates what Nationwide could have done, but failed to do, with respect to the Kammullers' Ordinance or Law Coverage. By analogy to the debris removal provision in the Kammuller policy, Nationwide could simply have added language to the Building Ordinance or Law Coverage endorsement stating that ". . .Ordinance or Law coverage <u>is included</u> in the limit of liability applying to the Dwelling." [Underlining added.] Having failed to so limit its liability, Nationwide is required to pay the full cost of Building Code Upgrades for the Kammullers.

Please review the attached Code Upgrade Supplement. Let me know if you need any other information to process this Supplement for payment. By copy of this email, I am notifying my clients of the foregoing.

Bruce C.F. McArthur
Law Offices of Bruce C.F. McArthur
156 Montecito Crescent
Walnut Creek, CA 94597
Ph: 925-906-4775
Fax: 925-906-4776
Email: brucecfm@gmail.com

Privileged Communication
For Intended Recipient Only